IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 15, 2015

## STATE OF TENNESSEE v. WILLIAM ANTHONY MCDANIEL

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 237830     Rebecca Stern, Judge**

_____

**No. E2015-00680-CCA-R3-CD – Filed December 16, 2015**

_____

The Appellant, William Anthony McDaniel, filed in the Hamilton County Criminal Court a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The motion was summarily denied, and the Appellant timely appealed the ruling. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

William Anthony McDaniel, Pikeville, Tennessee, Pro se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; and M. Neal Pinkston, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### I.  Factual Background

This court previously summarized the procedural history of the Appellant's case as follows:

> In April 2001, the [Appellant] engaged in anal, oral, and vaginal intercourse with a female under the age of thirteen, the daughter of his live-in girlfriend. He was subsequently indicted for three counts of rape of a child as a

Range III offender. In May 2002, the [Appellant] pled guilty to the offenses as charged but was sentenced as a Range I offender to [con]current sentences of twenty-five years. The [judgments] reflect that the term would be served at 100% because the [Appellant] was a child rapist.

On July 16 and September 12, 2002, the [Appellant] filed pro se Motions for Reduction of Sentence. The two motions were virtually identical in language, except one state[d] it [wa]s pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. On September 27, 2002, the trial court entered an order overruling the Motion for Reduction of Sentence. No appeal was taken of that denial.

Next, on September 12, 2012, the [Appellant] filed [a] pro se "Motion to Correct Judgment/Sentence or in the Alternative Motion to Withdraw Guilty Plea." Thereafter, on September 17, 2012, the trial court entered an order overruling the motion, which the [Appellant] never received a copy of. He later filed a pro se motion for delayed appeal in the trial court alleging his failure to receive notice of the ruling, and the trial court granted the motion for delayed appeal on January 28, 2013. In an order noting that the trial court was without authority to grant that motion, this court, nonetheless, waived the untimely filing of the notice of appeal in the interests of justice.

State v. William Anthony McDaniel, No. E2013-00353-CCA-MR3-CD, 2013 WL 5874706, at *1 (Tenn. Crim. App. at Knoxville, Oct. 31, 2013). On appeal, the Appellant challenged "the denial of his 'Motion to Correct Judgment/Sentence or in the Alternative Motion to Withdraw Guilty Plea,'" arguing "that his sentence should be reduced to reflect service of the sentence at 30%, as a standard Range I offender, or in the alternative that his plea was not knowingly and voluntarily entered because the 100% service requirement for child rape was never explained to him." Id. at *1. This court determined that the Appellant was not entitled to relief because reduction of his sentence was not warranted and because a post-conviction petition was the proper avenue to pursue relief from a guilty plea that was not knowingly and voluntarily entered, noting that the statute of limitations to file such a petition had long expired. Id. at *4.

Thereafter, on February 17, 2015, the Appellant filed the instant motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In the

motion, the Appellant alleged that his sentences were illegal because the trial court should have imposed consecutive sentencing and because he pled guilty while believing that he would be subject to release eligibility after serving thirty percent of his sentence, which rendered his guilty pleas not knowing or voluntary. The trial court denied the motion, finding that the Appellant failed to state a colorable claim for relief. On appeal, the Appellant challenges the trial court's ruling.

## II.  Analysis

Historically, "two distinct procedural avenues [were] available [in Tennessee] to collaterally attack a final judgment in a criminal case - habeas corpus and post-conviction petitions." Hickman v. State, 153 S.W.3d 16, 19 (Tenn. 2004); see also State v. Donald Terrell, No. W2014-00340-CCA-R3-CO, 2014 WL 6883706, at *2 (Tenn. Crim. App. at Jackson, Dec. 8, 2014). However, "Rule 36.1 was adopted, effective July 1, 2013, with its express purpose 'to provide a mechanism for the defendant or the State to seek to correct an illegal sentence.'" State v. Adrian R. Brown, __ S.W.3d __, No. E2014-00673-SC-R11-CD, 2015 WL 7748275, at *6 (Tenn. at Knoxville, Dec. 2, 2015) (quoting Tenn. R. Crim. P. 36.1, Advisory Comm'n Cmt.). Rule 36.1, provides, in part:

> Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36(a); see Secdrick L. Booker v. State, No. M2014-00846-CCA-R3-CD, 2014 WL 7191041, at *2 (Tenn. Crim. App. at Nashville, Dec. 18, 2014).

If the motion states a "colorable claim that the sentence is illegal," the trial court shall appoint counsel and hold a hearing on the motion. See Tenn. R. Crim. P. 36.1(b). Our supreme court recently recognized that "Rule 36.1 does not define 'colorable claim." State v. James D. Wooden, __ S.W.3d __, No. E2014-01069-SC-R11-CD, 2015 WL 7748034, at *5 (Tenn. at Knoxville, Dec. 2, 2015). Nevertheless, the court explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Id. at *6.

Further, our supreme court noted that "mistakes in sentencing are inevitable, but few sentencing errors render sentences illegal." Id. at *7 (citing Cantrell v. Easterling, 346 S.W.3d 445, 448-49 (Tenn. 2011)). "Sentencing errors fall into three categories—

clerical errors, appealable errors, and fatal errors. Only fatal errors render sentences illegal." Id. (citing Cantrell, 346 S.W.3d at 449-52). Fatal errors

> are "so profound as to render the sentence illegal and void." This category consists of any sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Included in this category are sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses.

Id. (citations omitted).

First, the Appellant's contends that consecutive sentencing was mandatory under Tennessee Code Annotated section 40-35-115. The Appellant notes that Tennessee Code Annotated section 40-35-115(a) provides that "[i]f a defendant is convicted of more than one (1) criminal offense, the court shall order sentences to run consecutively or concurrently as provided by the criteria in this section[.]" The Appellant maintains that "the use of the word 'shall' in a statute is indicative of mandatory intent." The Appellant alleges that because of the use of the word "shall" in subsection (a), the trial court was required to impose consecutive sentencing for the Appellant's three convictions of rape of a child pursuant to Tennessee Code Annotated section 40-35-115(b)(5). He also alleges that the use of the word "shall" in subsection (a) required the trial court to impose consecutive sentencing pursuant to Tennessee Code Annotated section 40-35-115(b)(6) because the Appellant committed the rape of a child offenses while on probation for sexual battery.

The trial court found that while consecutive sentencing was permitted under Tennessee Code Annotated section 40-35-115, it was not required. We agree. Tennessee Code Annotated section 40-35-115(b) (emphasis added) provides that a "court may order sentences to run consecutively if the court finds" by a preponderance of the evidence the existence of any one of the listed criteria, which leaves the imposition of consecutive sentencing to the trial court's discretion. See State v. Bruce Lamont Smith, No. M2014-02092-CCA-R3-CD, 2015 WL 1868492, at *3 (Tenn. Crim. App. at Nashville, Apr. 9, 2015). Accordingly, the trial court's failure to impose consecutive sentencing based upon Tennessee Code Annotated section 40-35-115 did not render the Appellant's sentences illegal.

The Appellant next argues that consecutive sentencing was mandatory under Tennessee Rule of Criminal Procedure 32(c)(2)(A)(ii), which provides that

> [w]hen prior unserved Tennessee sentences are not called to the attention of the trial judge by or on behalf of the defendant at the time of sentencing and are not included in the judgment setting the new sentence, the new sentence is deemed to be consecutive to any such undisclosed prior unserved sentence or sentences.

The Appellant complains that his sentences for rape of a child were illegal because the judgments of conviction were silent as to whether the sentences were to be served concurrently or consecutively to his prior unserved sentence for sexual battery. The trial court found that Tennessee Rule of Criminal Procedure 32(c)(2)(A)(ii) "provides that a new sentence is deemed consecutive to a prior, undisclosed, unserved sentence" even when the judgment of conviction is silent regarding the prior unserved sentence. We agree. Because the judgments of conviction are silent regarding the Appellant's prior unserved sentence for sexual battery, the sentences for rape of a child are deemed to be consecutive to the sentence for sexual battery. The Appellant's sentences are not illegal in this regard.

Finally, the Appellant complains that his trial counsel advised him that he would be sentenced as a Range I, standard offender and that he would be eligible for release after serving thirty percent of his sentence. He contends, therefore, that the trial court erred by sentencing him to serve 100% of his sentences in confinement. The trial court found that generally Range I, standard offenders were subject to release eligibility after serving thirty percent of the sentence in confinement; however, an offender convicted of rape of a child was required to serve 100% of the sentence in confinement. Tenn. Code Ann. § 40-35-501(c), (i)(1) and (2)(I). We agree. Because service of 100% of the sentences for rape of a child in confinement is statutorily mandated, the Appellant's sentences are not illegal and subject to correction under Rule 36.1.

Moreover, as this court previously explained:

> Once judgment has become final, the only avenue of relief available to a defendant to have a guilty plea set aside is a collateral proceeding under the Post-Conviction Procedure Act. To do so entails a claim that the guilty plea was not entered voluntarily, intelligently, and knowingly or was obtained through the abridgment of some other constitutional right, such as the right to the effective assistance of counsel.

> However, in the [Appellant's] case, the one-year post-conviction statute of limitations forecloses this avenue for seeking relief.

McDaniel, No. E2013-00353-CCA-MR3-CD, 2013 WL 5874706, at *4 (citations omitted).

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE